JUDGE BRIEANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**06 CV 1638**

------------------------------------------------------------X

SOPHIA FRANCIS, Individually and
on Behalf of All Other Persons Similarly Situated,

                    Plaintiffs,

        -against-

A&E STORES, INC.

           Defendant.

------------------------------------------------------------X

**COMPLAINT AND
JURY DEMAND**

## NATURE OF THE ACTION

1.     Plaintiff alleges on behalf of herself and other similarly situated current and former employees of the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for all of the time that they worked and were not compensated at all and/or overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.     Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendant for all of the time that they worked and were not compensated at all and/or overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the

FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff, Sophia Francis was, at all relevant times, an adult individual, residing in

Spring Valley, New York, County of Rockland.

7.      Upon information and belief, Defendant A&E Stores, Inc. is a New Jersey

corporation, with a principal place of business at 41 East 42nd Street, New York, New York

County of New York.

## COLLECTIVE ACTION ALLEGATIONS

8.      Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a

collective action on behalf of all persons who are or were formerly employed by Defendant in

the United States at any time since March 1, 2003 to the entry of judgment in this case (the

"Collective Action Period"), who were non-exempt employees within the meaning of the FLSA

and who were not paid for all of the time that they worked and were not compensated at all as

well as for overtime compensation at rates not less than one-half times the regular rate of pay for

hours worked in excess of forty per workweek (the "Collective Action Members").

2

9.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 300 members of Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

10.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

11.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

12.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

        a.   whether the Defendant employed the Collective Action members within the
             meaning of the FLSA;

3

b.  whether the Defendant filed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e.  whether Defendant failed to pay the Collective Action Members for all of the time that they actually worked and were not compensated at all as well as for overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.  whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

g.  whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h.  whether Defendant should be enjoined from such violations of the FLSA in the future.

13.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

14.    Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

15.    Plaintiff brings her New York Labor Law claim on behalf of all persons who were employed by Defendant in the State of New York at any time since March 1, 2000, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for all of the time that they actually worked but were not compensated at all and/or overtime wages in violation of the New York Labor Law (the "Class").

16.    The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 300 members of Class during the Class Period.

17.    The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy— particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

18.    The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

19. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

20. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

21. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

   b. whether the Defendant filed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

   c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. whether Defendant failed and/or refused to pay the members of the Class for all of the hours that they actually worked but were not compensated at all as well as for premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

   e. whether the Defendant is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

   f. whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

22. At all relevant times, Defendant maintained retail clothing stores selling to the general public under the brand names "Bolton's", "Pay/Half," and "Strawberry."

6

23.     Starting in or about September 2005 until February 1, 2006, Plaintiff was employed as an assistant manager by the Defendant at one of its retail stores located in Greenburgh, Westchester County, New York.

24.     Plaintiff's work was performed in the normal course of the Defendant's business and was integrated into the business of the Defendant.

25.     The work performed by Plaintiff required little skill and no capital investment. Her duties did not include managerial responsibilities or the exercise of independent judgment.

Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff for all of the hours actually worked by Plaintiff as well as for all of the overtime compensation of one and one-half times her regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

26.     Plaintiff was employed by the Defendant from in or about September 2005 until in or about February, 2006. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendant has likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

27. Such individuals have worked in excess of 40 hours a week yet the Defendant has likewise willfully failed to pay them for all of the hours actually worked by them as well as for overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.  As stated, the exact number of such individuals is

7

presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

28. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendant employed Plaintiff and the Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

**FIRST CLAIM FOR RELIEF:**
**FAIR LABOR STANDARDS ACT**

29. Plaintiff, on behalf of herself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 28 as if they were set forth again herein.

30. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

31. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

33. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

34. At all relevant times, the Defendant had a policy and practice of refusing to pay for all of the hours actually worked as well as for overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

35.     As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, for all of the hours actually worked by them, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

36.     As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

37.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

38.     Due to the Defendant's FLSA violations, Plaintiff, on behalf of herself and the Collective Action members, are entitled to recover from the Defendant, their unpaid wages for hours actually worked and which they received no compensation at all as well as overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## <u>NEW YORK LABOR LAW</u>

39.     Plaintiff, on behalf of herself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 38 as if they were set forth again herein.

40.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

9

41.     Defendant willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them for all of the hours actually worked by them as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

42.     The Defendant's New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

43.     Due to the Defendant's New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendant their unpaid wages as well as overtime compensation, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.      Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this

action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.    An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.    An award of unpaid wages for hours actually worked as well as overtime compensation due under the FLSA and the New York Labor Law;

f.    An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.    An award of prejudgment and postjudgment interest;

h.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands

a trial by jury on all questions of fact raised by the complaint.


Dated: New York, New York
        March 01, 2006

By: _____
        Fran L. Rudich (FR 7577)

Seth R. Lesser (SL 5560)
Fran L. Rudich (FR 7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838- 5357

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFF**