UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SOPHIA FRANCIS, Individually and on
Behalf of All Other Persons Similarly Situated,

                     Plaintiffs,

        -against-

A&E STORES, INC.,

                    Defendant.
-------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

06 Civ. 1638 (CLB) (GAY)

TO THE HONORABLE CHARLES L. BRIEANT, United States District Judge:

      Defendant A&E Stores, Inc. operates retail clothing stores under several brand
names, including fifty-eight stores under the brand name "PayHalf."  The majority of
defendant's PayHalf stores are located in the Northeast, although several are located in
Illinois.  In September 2005, A&E hired plaintiff as an assistant store manager in a
salaried position.  She worked at PayHalf stores in Nanuet, New York and Greenburgh,
New York, until she resigned on February 7, 2006.

      On March 2, 2006, plaintiff commenced the instant action, on behalf of herself
and others similarly situated, to recover unpaid overtime wages pursuant to the Fair
Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Plaintiff specifically alleges that (1)
based upon her job responsibilities she was not "exempt" from the FLSA's overtime
wage requirement, (2) all PayHalf assistant store managers had similar job
responsibilities and (3) about one-third of the approximately ninety PayHalf assistant
store managers nationwide are salaried employees.  Presently before this Court is

plaintiff's motion (1) to conditionally certify a collective action pursuant to FLSA § 216(b), (2) for court-authorized notice of the action to potential opt-in plaintiffs and (3) for an Order directing defendant to produce an electronic list of contact information for potential opt-in plaintiffs. For the reasons that follow, I respectfully recommend that plaintiff's motion should be granted in part and denied in part.

## I. CONDITIONAL CERTIFICATION

The FLSA provides a private right of action to recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions. See 29 U.S.C. § 216(b). Pursuant to the FLSA, employees such as the plaintiff may sue on behalf of themselves and "other employees similarly situated" for violations of the statute's minimum wage and overtime provisions. See id. Unlike class action suits brought pursuant to Fed. R. Civ. P. 23, only potential plaintiffs who "opt in" may be bound by or benefit from the judgment in an FLSA collective action. See Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006). Also unlike a Rule 23 class action, "no showing of numerosity, typicality, commonality and representativeness need be made" for certification of an FLSA collective action. See Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

In determining whether a suit may proceed as a collective action under the FLSA, "[c]ourts typically undertake a two-stage review . . . . As a first step the court examines pleadings and affidavits, and if the court finds that proposed class members are similarly situated, the class is conditionally certified; potential class members are then notified and given an opportunity to opt-in to the action." See Cuzco v. Orion Builders, Inc., 477 F. Supp.2d 628, 632 (S.D.N.Y. 2007). Then, after completion of discovery, the

court "examines the record and again makes a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the class representative may proceed on his or her own claims."  See Lee, 236 F.R.D. at 197.

At the initial assessment stage, before discovery is completed, the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations.  See Young, 229 F.R.D. at 54.  In order to succeed on her motion for conditional certification, "plaintiff has only a minimal burden to show that [s]he is similarly situated to the potential class," which requires "a modest factual showing sufficient to demonstrate that [she] and potential plaintiffs together were victims of a common policy or plan that violated the law."  See Cuzco, 477 F. Supp.2d at 632-33 (quotation and citation omitted).

Here, plaintiff's motion seeks an Order certifying a conditional nationwide collective action for PayHalf Assistant Managers who were salaried and did not receive overtime compensation.[1]  Plaintiff alleges that she is similarly situated to members of the putative class because all PayHalf Assistant Managers perform essentially the same duties and responsibilities.  In support of her contention, plaintiff proffers the following: (1) her declaration, in which she states that her duties were the same at both stores in which she worked; (2) A&E Stores' Job Description for Assistant Store Manager

---

[1] Both parties agree that defendant had two different pay scales for its PayHalf Assistant Managers:  approximately thirty percent of PayHalf's Assistant Managers were salaried and did not receive overtime compensation, while the remaining Assistant Managers were paid hourly and received overtime compensation.

(Bromberg Declaration, Exh. D); (3) the deposition testimony of Leah Dweck, A&E's Director of Human Resources, who testified that she prepared the Assistant Manager Job Description and that it was a fair and accurate description of the duties and responsibilities of assistant store managers in the PayHalf stores (Bromberg Declaration, Exh. E); and (4) the deposition testimony of James Hamlin, A&E's Vice President of Store Operations (Bromberg Declaration, Exh. C), who testified as follows:

> Q.  Okay.  By the way, when we were talking about the duties of the store managers and the assistant store managers, are those pretty much the same across all the Payhalf Stores?
> A.  More or less.
> Q.  So it is all similar the way it works across–how many stores is it again?
> A.  58.
> Q.  58 stores?
> A.  Similar, yes.

In sum, I conclude that the evidence submitted by plaintiff constitutes a sufficient preliminary showing that all putative class members held the same or similar positions, had the same or similar duties, and all were designated as exempt from the overtime provisions of the FLSA.  Accordingly, I respectfully recommend that plaintiff's motion for conditional collective action certification as to those salaried PayHalf Assistant Managers who did not receive overtime compensation should be granted.

## II.  SCOPE OF THE CLASS

Defendant argues that, if certification is granted, the geographic scope of the class should be limited.  Defendant specifically contends that plaintiff has provided no basis for nationwide certification and proposes, instead, that the scope of the class be limited to salaried assistant managers within the district in which plaintiff worked.  However, plaintiff's evidence of the similarly-situated nature of the proposed class does

-4-

not provide any basis on which to impose geographical restrictions. Any variations among the duties of assistant managers can be explored during discovery and addressed in a second-stage motion for de-certification. Accordingly, I conclude, and respectfully recommend, that defendant's contentions regarding the geographic scope of the class should be rejected.

Defendant further argues that the temporal scope of the class should be limited to two years instead of three because plaintiff proffers no evidence of willful conduct. See 29 U.S.C. § 255(a). At this preliminary stage, however, plaintiff's allegations of willful conduct (Complaint ¶¶ 26-27) are sufficient to support defining the class based upon the three-year statute of limitations. "[W]here there has been no substantive discovery as to the appropriate temporal scope of the prospective class of member plaintiffs, and where the Plaintiff has alleged a willful violation of the FLSA, it is prudent to certify a broader class of plaintiffs that can be limited subsequently, if appropriate, during the second phase of the collective action certification process." See Anglada v. Linens 'N Things, Inc., No. 06 Civ. 12901, 2007 WL 1552511, at *8 (S.D.N.Y. May 29, 2007). See also Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 369 (S.D.N.Y. 2007) ("[W]here willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action."). Accordingly, I conclude, and respectfully recommend, that defendant's contentions regarding the temporal scope of the class should also be rejected and, therefore, that the certified class should consist of all PayHalf Assistant Managers, employed nationwide by defendant within the past three years, who were salaried and did not receive overtime compensation.

## III. IDENTITIES OF POTENTIAL PLAINTIFFS

In order to facilitate dissemination of notice to potential plaintiffs in the collective action, plaintiff requests that this Court direct defendant to produce "[a] list, in electronic format, of all persons employed by Defendants as daytime and evening assistant managers, three years from the date of the order to the present including name, address, telephone number, social security number, dates of employment, location of employment, employee number, if any." Defendant objects to plaintiff's request for the production of social security numbers. "Courts within this Circuit routinely grant plaintiffs' motions to compel production of the *names and addresses* of potentially similarly situated employees who may wish to "opt-in" to a collective action." Anglada, 2007 WL 1552511, at *7 (citing cases) (emphasis added). Indeed, at a pretrial conference on March 30, 2007, Your Honor ordered defendant to produce the names and addresses of all PayHalf assistant managers dating back to March 2003; defendant asserts that it has fully complied with that order. Plaintiff provides no justification regarding her request for additional information. Accordingly, I respectfully recommend that defendant should be directed to produce in electronic format, to the extent it has not already done so, the names and last known addresses of Assistant Managers employed by defendant at its PayHalf stores since March 2003.

## IV. PROPOSED NOTICE

"It is well-established that district courts may authorize the sending of notice to potential opt-in plaintiffs in appropriate cases where a collective action has been brought under § 216(b) of the FLSA." Cuzco, 477 F. Supp.2d at 635. The district court has broad discretion to determine the form of the notice and its specific provisions. See

Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

The undersigned has reviewed plaintiff's proposed notice[2] and concludes that it is sufficient, but with the exception of some changes and additions.  Attached as Exhibit A to this Report and Recommendation is a copy of plaintiff's proposed FLSA collective action notice, altered by the undersigned to incorporate recommended changes and additions for Your Honor's consideration.

## V.  CONCLUSION

For all of the foregoing reasons, I respectfully recommend that plaintiff's motion should be granted in part and denied in part and that Your Honor (1) conditionally certify a class which consists of all PayHalf Assistant Managers, employed nationwide by defendant within the past three years, who were salaried and did not receive overtime compensation, (2) direct defendant to produce in electronic format, to the extent it has not already done so, the names and last known addresses of Assistant Managers employed by defendant at its PayHalf stores since March 2003 and (3) issue court-authorized notice of the action to potential opt-in plaintiffs.

## VI.  NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended and Rule 72(b), the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed

_____

[2] Defendant did not submit a proposed form.

serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Charles L. Brieant at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).


Requests for extensions of time to file objections must be made to the Honorable Charles L. Brieant and not to the undersigned.


Dated:   June 26, 2008                    Respectfully Submitted,
         White Plains, New York

                                          _____
                                          GEORGE A. YANTHIS, U.S.M.J.