UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SOPHIA FRANCIS, Individually and on Behalf of All
Other Persons Similarly Situated,

                                        Plaintiffs,

- against -

A&E STORES, INC.,
                                        Defendant.
------------------------------------------------------------------------x

06 Civ. 1638 (CS)(GAY)

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Seibel, J.

      Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge George A. Yanthis dated June 26, 2008, (Doc. 41), in this action to recover unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a)(1), 216(b). Judge Yanthis recommended that this Court: 1) grant Plaintiff's motions for conditional certification of a collective action and for court-authorized notice to potential opt-in plaintiffs; and 2) grant Plaintiff's application that Defendant produce an electronic list of contact information for those potential plaintiffs only to the extent of requiring name and address information to be produced electronically if Defendant has not already done so. Defendant has filed Objections to the recommendation that conditional certification be granted (Defendant's Objections to Report of the Magistrate Judge Recommending Conditional Certification of a Collective Action Pursuant to Section 216(b) of the Fair Labor Standards Act ("Def's Objs.")), (Doc. 42), but has not opposed the form of notice or the requirement for production of name and address information. Plaintiff has responded to Defendant's Objections (Plaintiff's Opposition to Defendant's Objections to Report of the Magistrate Judge Recommending Conditional

1

Certification of a Collective Action Pursuant to Section 216(b) of the Fair Labor Standards Act. (Doc. 43)).

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific" and "written," and submitted "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C).

Where a party submits timely objections to a report and recommendation, as Defendant has here, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record. *See White v. Fischer*, No. 04-CV-5358, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). The clearly-erroneous standard also applies when a party makes only "conclusory or general objections, or simply reiterates his original arguments." *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

Defendant operates PayHalf retail stores and employed Plaintiff, for approximately five months, as an assistant store manager ("ASM") at two such stores. Defendant classified her as

an executive or administrative employee and thus exempt from the FLSA's overtime provisions, which require that non-exempt employees be paid time-and-a-half for hours worked in excess of 40 a week. Plaintiff claims that while her salary exceeded $455 a week -- one of the requirements for an exempt employee, *see* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.100 -- her duties, and that of other ASMs at PayHalf stores, were largely manual and thus do not meet the requirements of an executive/administrative employee. Accordingly, she argues, the exempt classification was unlawful. Further, she claims that Defendant has a policy of classifying as exempt, and paying a salary but not overtime to, ASMs who are hired from outside the company, whereas ASMs who are promoted from within the company are classified as hourly employees and receive overtime. Because ASMs all have similar responsibilities, Plaintiff argues, this policy violates the FLSA as to the ASMs who do not receive overtime. Defendant argues that there is no policy but the practice is that ASMs at high-volume stores who have management experience elsewhere are paid a higher salary and classified as exempt, whereas ASMs who come from the rank-and-file are paid a lower hourly salary and covered by the FLSA. According to Defendant, the responsibilities of the former group are in fact administrative or managerial and thus those ASMs are properly exempt from the FLSA's overtime provision, whereas the latter group is not expected to handle as much managerial responsibility.

The parties do not dispute that Judge Yanthis set forth the appropriate framework for analyzing a motion for conditional certification under Section 216(b) of the FLSA. That section permits an employee to sue on behalf of herself and "other employees similarly situated." 29 U.S.C. § 216(b).

> [A]pproval of a collective action under the FLSA involves a two-step inquiry. In the first step, the court examines the pleadings and affidavits of the proposed collective action and determines whether the proposed class members are similarly situated. If they appear to be, the court conditionally certifies the class. Putative class members are given notice and the opportunity to opt in, and the action proceeds as a representative action through discovery. . . . The second phase of an FLSA collective action inquiry occurs after discovery is largely complete and is typically precipitated by a motion for decertification by the defendant. At that stage, the 'similarly situated' issue must be revisited, based on the record produced through discovery. . . . If the claimants are not similarly situated, the court decertifies the collective action, and the claims of the opt-in plaintiffs are dismissed.

*Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 WL 2000133, at **13-14 (S.D.N.Y. Aug. 18, 2005) (citations and quotations omitted). At the initial stage, "a relatively lenient evidentiary standard" is applied to the inquiry whether the putative class members are "similarly situated." *Id.* at *13. Plaintiffs must make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law," but the merits of plaintiff's claims are not evaluated until later in the litigation. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261-62 (S.D.N.Y. 1997); *see Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

Judge Yanthis found that Plaintiff was similarly situated to the putative class -- ASMs who were salaried and not paid overtime -- based on Plaintiff's declaration, in which she described her responsibilities at the two stores at which she worked; the deposition testimony of Defendant's director of human resources, who said the written job description of the ASM position fairly and accurately described the duties and responsibilities of ASMs; and the deposition testimony of Defendant's vice-president of store operations, who testified that the

4

duties of ASMs were "more or less" the same at all stores. Defendant argues that Plaintiff's situation was unique because she worked in one store that was closing and another that was in the midst of a post-holiday hiring freeze, and that ASM duties vary based on the ASM's background and the conditions of the particular store. Accordingly, Defendant argues, Plaintiff is not an appropriate class representative and there is no similarly situated class.

At this stage the Court is considering simply whether Plaintiff, a salaried ASM, is similarly situated to other salaried ASMs; it is not addressing whether the duties of hourly ASMs are similar to the duties of salaried ASMs, which is an issue relating to the merits of Plaintiff's claim. I conclude, like Judge Yanthis, that the statements by executives of Defendant that all ASMs perform basically the same duties, are sufficient at this stage to meet Plaintiff's burden -- which has been described as "'minimal,'" *Damassia v. Duane Reade, Inc.*, No. 04-CV-8819, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) (quoting *Wraga v. Marble Lite, Inc.*, 05-CV-5038, 2006 WL 2443553, at **1-2 (E.D.N.Y. Aug. 22, 2006)) -- of showing a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." *Hoffmann*, 982 F. Supp. at 262. While Defendant argues that its deponents also noted variations in duties from store to store, Plaintiff needs to show only that her position is "'similar, not identical, to the positions held by the putative class members.'" *Damassia*, 2006 WL 2853971, at *3 (quoting *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001)).[1] Moreover, while Defendant has supplied what it calls "undisputed store manager

---

[1] The deposition testimony distinguishes this case from those upon which Defendant relies, where the Plaintiff provided nothing beyond conclusory statements that other employees were similarly situated. *See, e.g., Aguirre v. SBC Commc's, Inc.*, No. H-05-3198, 2006 WL 964554, at *6 (S.D. Tex. April 11, 2006) (no factual showing beyond conclusory statements in complaint and motion); *Morales v. Plantworks, Inc.*, No. 05-CV-2349, 2006 WL

5

affidavits," (Def's Objs. at 14), on which it also relies for the proposition that ASM duties are variable, those affidavits should be discounted at this stage. *See Damassia*, 2006 WL 2853971, at *4 (declining to consider affidavits submitted by defendants where plaintiffs had not yet had opportunity to depose affiants); *Morden v. T-Mobile USA, Inc.*, No. C05-2112RSM, 2006 WL 2620320, at *3 (W.D. Wash. Sept. 12, 2006) (discounting declarations of current employees "because of the risk of bias and coercion inherent in that testimony").[2]

Plaintiff has likewise sufficiently alleged a policy that similarly affected her and other salaried ASMs. She states in her declaration that the district manager who hired her said that it was company policy that ASMs were required to work more than 40 hours a week without being paid for overtime. Further, the deposition testimony of the vice-president of operations and the district manager establish that it is at least a widespread practice to classify as exempt ASMs hired from outside the company. *See Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (certification appropriate when some factual nexus binds named plaintiff and potential class members as victims of particular alleged policy or practice). Defendant correctly states that certification is inappropriate "if the action arises from circumstances purely personal

---

278154, at **2-3 (S.D.N.Y. Feb. 2, 2006) (no factual showing beyond conclusory allegation in complaint); *Diaz v. Electronics Boutique of Am., Inc.*, 04-CV-0840, 2005 WL 2654270, at **4-5 (W.D.N.Y. Oct. 17, 2005) (no factual showing regarding employees other than plaintiffs).

[2] Defendant correctly points out that Plaintiff in her declaration does not purport to have personal knowledge of the duties of ASMs other than herself, and that her Complaint asserts that there are other similarly situated employees only on information and belief. It accordingly argues that her factual showing is insufficient. While one court has held that it is reasonable to infer that an employee would learn during the ordinary course of employment how the company operates and what its policies were, *see White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006), I need not rely on that reasoning here, because -- contrary to the cases on which Defendant relies -- the factual showing here is not based solely on Plaintiff's assertions, but rather is sufficiently made out through the deposition testimony.

6

to the plaintiff, and not from any generally applicable rule, policy or practice," *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005), and points to factors it says made Plaintiff's employment with the company unique. But Plaintiff is alleging a chain-wide policy of treating a group of ASMs as exempt when their duties do not warrant such treatment. "'[D]isparate factual and employment settings of the individual plaintiffs should be considered at the second stage of analysis." *White*, 236 F.R.D. at 373 (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001) (internal quotation and citation omitted)). "[O]nce Plaintiffs have met their burden at the notice stage, Defendant cannot overcome Plaintiff's showing by arguing that individual issues may dominate; rather, if after notice to the putative plaintiffs it appears that individual issues do in fact dominate, the Defendant may move the Court to decertify the class." *Id.*[3] Accordingly, I concur with Judge Yanthis that conditional certification -- a determination under "a fairly lenient standard" which "typically results in 'conditional certification' of a representative class," *White*, 236 F.R.D. at 366 (citation omitted) -- is appropriate.

Defendants also object to the nationwide certification of the conditional class, arguing that, if anything, the class should be limited geographically to the district in which Plaintiff was employed. It relies on *Anglada v. Linens 'N Things, Inc.*, No. 06-CV-12901, 2007 WL 1552511, at **5-6 (S.D.N.Y. May 29, 2007), in which the scope of the conditional certification was limited

---

[3] *Diaz*, 2005 WL 2654270, at *4, on which Defendant relies, found that class treatment was inappropriate where the responsibilities of employees might differ and require individualized analysis, but that case, and others denying conditional certification where fact-specific inquiry might be required, seem to be against the weight of authority in undertaking that analysis at the first stage of the certification process, rather than evaluating at the decertification stage whether the need for individual analysis makes a collective action inappropriate.

7

to the two stores in which the named plaintiff had worked. In that case, however, there was no support for the allegation that the challenged practices existed outside those stores. *Id.* Here, to the contrary, Plaintiff has averred that she was told that the overtime rule was company policy, and nothing in the testimony of the vice-president of store operations suggested that the practice was limited to certain stores or districts. This factual showing is sufficient for purposes of notice to putative plaintiffs. *See White*, 236 F.R.D. at 375.

Finally, Defendant argues that there is no support for the finding of a willful violation, which would justify a three-year statute of limitations, and that notice should be confined to those who fall within the two-year statute of limitations for non-willful violations. *See* 29 U.S.C. § 255(a). Where Plaintiff has alleged a willful violation, however, "it is prudent to certify a broader class of plaintiffs that can be limited subsequently, if appropriate, during the second phase of the collective certification process." *Anglada*, 2007 WL 1552211, at *8; *see Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 484 (E.D. Cal. 2006) (allegation of willful conduct, combined with declarations evidencing FLSA violations, was sufficient for application of three-year limitations period to conditional certification process, even though there was no factual showing of willfulness). Accordingly, I concur with Judge Yanthis that the three-year period is appropriate at this stage.

There has been no objection to the form of the notice recommended by Judge Yanthis, or to his order regarding the information to be produced by Defendants. There being no clear error in those rulings, they are likewise adopted, except that in section 8 of the Notice, entitled "Further Information," the second paragraph should read: "You may also examine the Court file in this case, in person, at the U.S. Courthouse, 300 Quarropas Street, White Plains, NY 10601.

You may also view the case file via the Internet, for a fee, using the Court's PACER service. Go to www.pacer.psc.uscourts.gov for more information." The first and third paragraphs of section 8 of the notice should remain as set forth in the attachment to Judge Yanthis' R&R.

The Clerk is respectfully directed to terminate the pending motion. (Doc. 28).

SO ORDERED.

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

Dated: October 15, 2008
       White Plains, New York