```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-6-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SOPHIA FRANCIS, Individually and on Behalf of All
Other Persons Similarly Situated,                            06 Civ. 1638 (CS)(GAY)

                                      Plaintiffs,       **ORDER**

      - against -

A&E STORES, INC.,
                                Defendant.
------------------------------------------------------------x

Seibel, J.

      Counsel for Plaintiffs has submitted a proposed Order approving a settlement in the above-captioned matter. Much as I would like to see this ancient case resolved, I cannot approve the settlement on the current record. First, although Plaintiff's counsel has provided a copy of the settlement agreement, he has provided no affidavits or other factual basis on which I could evaluate whether the proposed settlement represents "a reasonable compromise of disputed issues." *Le v. S.I.T.A. Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (internal quotation marks omitted). I have been provided with no information about, for example, what the disputed issues are, what the respective parties' positions are on those issues, what the risks of continued litigation might be, and what costs and benefits are presented by the settlement.

      Further, the Court has concerns about the opt-in Plaintiffs who have not joined the settlement and whose cases would be dismissed without prejudice if the settlement were to be approved. Plaintiff's counsel states by letter that based on Defendant's records and depositions in the case, there is no evidence that those Plaintiffs were damaged. Should that information be provided by affidavit, it might justify the dismissal of their claims, but the Court would still

1

require that those Plaintiffs be given an opportunity to be heard. They opted in to this lawsuit at the behest of Plaintiff's counsel who undertook to represent their interests, and this Court is unlikely to approve a settlement that relieves counsel of the obligation to represent them without a solid record basis for concluding their claims are meritless and without those Plaintiffs having the opportunity to take a position on the matter.

Third, the information with which I have been presented provides me with no basis to assess the reasonableness of the proposed attorneys' fees. At this point, all I can tell is that the fees are quite disproportionate to the recovery of the settling Plaintiffs. For me to conclude that that fee is reasonable, I would need to know something about why the fee payment is so large and the recovery so small. It may be that the amount of work that went into the case justifies the fee, the small recovery notwithstanding, but I certainly cannot so conclude on the current record.

Finally, the parties have asked that I seal the settlement agreement. No reasons for such a request have been provided, and sealing of such agreements is improper absent a showing of grounds "to overcome the strong presumption of public access." *Cepeda v. 251 Realty LLC*, No. 11-CV-1531, 2011 WL 5402917, at *1 (E.D.N.Y. Nov. 8, 2011); *see Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646-47 (S.D.N.Y. 2011) (collecting cases).

Accordingly, the application to approve the proposed settlement is DENIED. A renewed application, addressing the concerns discussed above, may be made within 30 days of the date of this Order. The parties are directed to appear for a conference on February 17, 2012, at 3 p.m. SO ORDERED.

*[signature]*
CATHY SEIBEL, U.S.D.J.

Dated: January 5, 2012
       White Plains, New York